## No. 13,660.

### STATE OF LOUISIANA VS. NATHANIEL WASHINGTON.

#### SYLLABUS

1. In a prosecution for assault to commit rape, the one question propounded in general terms: "Has complaint been made?" and the answer "yes" or "no," do not indicate that any indignity has been offered, nor do they prove, or tend to prove, that defendant is guilty of having attempted to commit the crime charged.

The following, from Greenleaf, sufficiently points out the character of the question to be propounded, which, while not sacramental as to form, sufficiently indicates that it must appear that a crime is referred to. "The practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her and to receive only a simple 'yes' or 'no.'" Unless it appears that the question tends to the proof of a crime, and a complaint in that direction, it will not be held that the ruling was prejudicial and the finding of the jury erroneous.

But, considered as a proposition of law, the mere fact of a complaint of a wrong attempted made by an asserted victim of an attempted crime upon her person to a third person, if contemporaneous, and part of the *res gestae,* may be testified to by a third person to whom the complaint was made.

2. A witness may testify as to the identity of the defendant as one whom she knows, without giving ground for the objection that the defendant in a case of rape, or attempted rape, should be identified by the one upon whom the outrage has been committed, or, upon whom the attempt was made.

ON APPEAL from the Fifteenth Judicial District, Parish of Calcasieu—*Miller, J.*

*Walter Guion,* Attorney General, *Joseph Moore,* District Attorney (*Lewis Guion* of Counsel), for Plaintiff, Appellee.

*Robert L. Belden* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J.   The defendant was brought before the court to answer to an indictment charging him with an assault with intent to commit rape upon a child named in the indictment, aged less than ten years.

He was found guilty as charged, and was sentenced to a term of five years in the penitentiary. He appeals, and sets out his grounds of appeal in three bills of exceptions.

By the first bill of exceptions, his (defendant's) contention before this court is that the trial judge having decided that the one upon whom the assault with intent to rape had been committed was not a competent witness, testimony of any complaint made by her was not admissible. The child in question was not permitted to testify, for the reason, the trial judge held, that "though she had an intelligent face, she was only three years old."

The question propounded by the prosecuting officer to a witness, Mrs. Brown, to whom it was asserted complaint was made by the child, was: "Did the child make any complaint to you?" In support of his ruling admitting the testimony, the trial judge states, and incorporated his statement in the bill of exceptions, that he permitted the witness to answer to this question "yes" or "no," and that is all she was permitted to say in reply.

It appears that, subsequently, during the course of the trial, on account of her tender years, the court ruled that this child was not a competent witness. The question before us for decision grows out of the asserted inadmissibility of the testimony of Mrs. Brown, for the reason that, as the child was not a competent witness, no statement of hers, made to a third person, was admissible. In other words, that Mrs. Brown could not testify that the child had made a complaint; that no one could be heard to say, as a witness, that she, whose testimony was excluded, had complained.

The issue, as presented, does not seem to us to have been in the least prejudicial to the accused. He was not charged with an offence, either by the question or the answer, nor is it intimated by either the

question or the answer that the child complained of any indignity offered to her by the defendant or any one else. The nature of the complaint (in so far as relates to the question propounded) is left to conjecture, and the question is not, with any degree of certainty, directed to elicit information as to whether an assault of any description had been committed. True, in direct examination, no statement was admissible from the asserted victim of details of any offence, and nothing was admissible pointing to the defendant as the guilty party, but enough statement was admissible to indicate that the child had been submitted to some sort of indignity. It should be made to appear as a fact that complaint was made of the injury by the alleged victim. "On the direct examination, the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her and to receive simple 'yes,' or 'no.'" Greenleaf, Ev., sec. 213. On cross-examination further latitude is permissible and further details may be inquired into. Here there was nothing of the sort. The defendant did not press the inquiry.

While it is true that a statement of the particulars is not admissible, the answer sought from the witness on direct examination, in order that it may have any bearing upon the case, must be specific enough to indicate that it is a complaint of a crime which defendant attempted to perpetrate.

Conceding for the moment that the question objected to, as before stated, sufficiently indicates that some one attempted to commit a crime, even then the decisions are not of one view upon the subject. In a case of comparatively recent date, it was decided that on an indictment for an assault with intent to commit rape on a female under seven years of age, there was no error in allowing the mother to testify that, immediately after the time at which it was laid, the child complained thereof, and, also, of a pain in her abdomen. Territory vs. Goffery, 50th Northwestern, p. 481. Roscoe's Criminal Evidence is referred to as sustaining that view. "It thus appears that these cases are unanimous, that where the person who makes the complaint is called as a witness and is competent, the fact that the complaint was made, *and the bare nature of it* may be given in evidence. Where the person who makes the complaint is not called as a witness, or, on being called, is found to be incompetent, the decisions are found to be somewhat conflicting. On the one hand, it has been sought in such a case to intro-

State vs. Washington.

duce the whole statement; on the other, attempts have been made to exclude, under these circumstances, all evidence about the statement whatever. Both contentions have some countenance of authority, but it is conceived that neither is strictly accurate, the rule being, as is submitted, to admit evidence of the *fact of complaint in all cases,* and, in no case, to admit anything more." (Italics ours.)

We must say that, considered as part of the *res gestae,* also, we are of the opinion that the testimony is admissible.

We will not attempt to reconcile the conflicting opinions upon this point, but we have not found wherein the defendant could have been prejudiced by the question and the answer sought to be obtained, "yes" or "no." That is the only ground on which objection is made.

This brings us to the consideration of the second bill of exceptions to the court's ruling in permitting the district attorney to propound the following question to a witness: "Do you know Nathaniel Washington?" This was objected to by counsel for the accused upon the ground that the injured party was the one to identify the accused and not the witness who was then being examined. The objection was overruled by the court for the reason that it was pertinent to inquire of the witness if she knew the accused.

We take it that it was assumed by the court that the purpose of the question was to identify the accused in connection with the alleged crime. Here, again, we do not find that any prejudicial error was committed. If this witness knew the defendant, there was no good reason to exclude her testimony. The identity of the defendant as one Nathaniel Washington, whom this witness knew, did not connect him in any manner with the crime charged. Moreover, even in case of rape, or of an attempt to commit rape, a witness may be asked, if it be within her own knowledge, by whom the offence was committed, when the one upon whom the crime has been committed, or the indignity offered, is not mentally in a condition to testify.

The third bill of exceptions sets out that the child upon whom the alleged rape, or attempt to rape, was committed, having been pronounced incompetent to testify on account of her tender years, the court should have excluded the previously admitted testimony of a witness regarding a complaint made by the child, as before stated, for the reason that the child was not a competent witness. (We will here state that no objection was urged by the prosecution to the court's ruling

excluding the testimony of the child.) The ground incorporated in this bill has, already, been passed upon in deciding the two other bills, and pronounced not tenable. No further comment need be made upon the subject.

We have found no good reason to set aside the verdict of the jury and the judgment of the court.

It is, therefore, ordered, adjudged, and decreed that the verdict and judgment are affirmed.